UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| DENVER COOK, ) | Case No. 6:11-bk-14734-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| | |
| IRYNA HRACHOVA, individually and on ) | |
| behalf of ZHANNA HRACHOVA, ) | |
| ) | Adversary No. 6:11-ap-00311 |
| Plaintiff[s], ) | |
| vs. ) | |
| ) | |
| DENVER COOK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION GRANTING
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Iryna Hrachova, the plaintiff, together with her daughter, Zhanna, moved from the Ukraine to the United States in response to the debtor/defendant's ad seeking a wife. Denver Cook promised to support the plaintiff and her daughter and signed the necessary Immigration Form-864 "Affidavit of Support." After a short marriage and a later divorce, plaintiff obtained a judgment of approximately $100,000 against the debtor pursuant to the Affidavit of Support.[1] She now seeks summary judgment in this adversary proceeding that the judgment is a "domestic support obligation" under Bankruptcy Code Section 101(14A)[2] and is excepted from discharge pursuant to Section 523(a)(5). The debtor opposes summary judgment arguing the earlier divorce decree resolved all support issues and the later judgment under the Affidavit of Support is not enforceable. The Court will grant summary judgment in favor of the plaintiff finding that

the judgment is an enforceable final order and is a non-dischargeable domestic support obligation.

Plaintiff was born in the Ukraine and has a daughter from a previous marriage.[3] Defendant, a Florida resident, placed an advertisement in a Ukrainian newspaper in 1999, seeking a Russian wife. Plaintiff responded to the ad and started a relationship with defendant over the internet.[4] Shortly thereafter, plaintiff entered the United States on a fiancé visa, and the couple wed in September 2000.[5]

As a precondition to plaintiff's immigration to the United States, defendant executed an Affidavit of Support – Immigration Form 864 on behalf of plaintiff and plaintiff's daughter, Zhanna.[6] By signing the Affidavit, defendant agreed to "provide the sponsored immigrant(s) whatever support is necessary to maintain the sponsored immigrant(s) at an income that is at least 125 percent of the Federal poverty guidelines."[7] The purpose of the Affidavit of Support is to prevent otherwise inadmissible immigrants from becoming a public burden by requiring a sponsor to support them.[8]

The marriage between plaintiff and defendant soon ended.[9] The parties filed for divorce in January 2001.[10] On May 31, 2002, the state court in Lake County, Florida entered a final dissolution of marriage and awarded plaintiff $29,467.64 in alimony.[11] The dissolution of marriage did not address the Affidavit of Support.

---

[1] 8 U.S.C. § 1183a.
[2] All references to the Bankruptcy Code are to 11 U.S.C. § 101 *et seq.*
[3] Doc. No. 1 Exhibit A. Plaintiff brings this motion on her own behalf and on behalf of her daughter, Zhanna.
[4] Doc. No. 1 Exhibit A (hereinafter the "District Court Opinion" posted as Doc. No. 44 in Case No. 5:09-cv-00095-TBS).
[5] *Id.*
[6] 8 USC § 1182(a)(4)(B)(2) & § 1183a. Doc. No. 1 Exhibit B.
[7] Affidavit of Support, Form I-864 at 4.
[8] 8 U.S.C. § 1182(a)(4); Affidavit of Support Form in Doc. 1 Exhibit B
[9] The District Court opinion outlines the marital problems that led to the divorce, including domestic abuse allegations, none of which are necessary to the determination of this proceeding.
[10] District Court Opinion at 3.
[11] District Court Opinion at 4.

After the divorce, plaintiff, who holds degrees in homeopathy treatment and linguistic science from a Ukrainian university, obtained her green card to work in the United States and received permanent resident status.[12] Despite her qualifications, plaintiff struggled to obtain consistent employment in the United States for a variety of reasons. Defendant completed his alimony obligation under the state court divorce decree in July 2004, at which time he stopped paying any support to plaintiff and her daughter.[13]

In February 2009, plaintiff filed a complaint in the United States District Court for the Middle District of Florida demanding that defendant perform his support obligations under the Affidavit of Support. The complaint sought support payments in arrears from 2001 through the time of the complaint.[14] In a non-jury trial, a magistrate judge in the district court entered a judgment of $103,197.44 (the "District Court Judgment") in favor of plaintiff based on defendant's failure to make payments under the Affidavit of Support from August 2001 forward.[15] Defendant also was ordered to pay plaintiff a continuing amount of "125 percent of the current federal poverty level until such time as the obligation expires by law."[16]

When the debtor failed to make payments as directed in the District Court Judgment, plaintiff requested and received a writ of garnishment against defendant.[17] Debtor, in response, filed this voluntary Chapter 7 bankruptcy.[18] Plaintiff then filed this adversary complaint and motion for summary judgment seeking a determination that district court judgment debt is a

---

[12] District Court Opinion at 4.
[13] District Court Opinion at 4.
[14] District Court Opinion at 4. Plaintiff testified that from 2001 to 2009, her income had never exceeded 125 percent of the poverty level.
[15] District Court Opinion at 11.
[16] District Court Opinion at 11. The obligation expires upon the occurrence of one of five conditions: "1) the sponsor's death, 2) the sponsored immigrant's death, 3) the sponsored immigrant becoming a U.S. citizen, 4) the sponsored immigrant permanently departing the U.S., or 5) the sponsored immigrant being credited with a total of 40 qualifying quarters of work." *Cheshire v. Cheshire*, 2006 WL 1208010 at *4 (M.D. Fla. May 4, 2006) (citing 8 U.S.C. § 1183a(a)(2); 8 C.F.R. § 213a.2(e)).
[17] Doc. No. 15, Exhibit B.
[18] The district court stayed all proceedings, administratively closed the case, and referred the dischargeability issue to this Court. Doc. No. 1 Exhibit C.

domestic support obligation under § 101(14a) and is not dischargeable under § 523(a)(5) of the Bankruptcy Code.[19]

A court will grant summary judgment under Rule 56 "when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party."[20] Plaintiff seeks summary judgment as to dischargeability of the judgment debt owed by defendant as a "domestic support obligation." In a Chapter 7 bankruptcy, a debtor receives a discharge of most debts to obtain a "fresh start."[21] But, a debt arising from a domestic support obligation is deemed non-dischargeable.[22]

Defendant does not object to the classification of the debt as a domestic support obligation. Rather he argues the District Court Judgment is invalid because the court lacked jurisdiction to hear plaintiff's complaint seeking enforcement of the Affidavit of Support. Specifically, defendant argues the state divorce court definitively settled all matters of support, and the *Rooker-Feldman* Doctrine and *res judicata* barred the district court from hearing plaintiff's complaint.[23]

## **The District Court Judgment is Valid.**

The District Court Judgment is valid and enforceable. Review of a final, appealable district court decision rests exclusively with the court of appeals in the jurisdiction of the district court.[24] In this case, the Eleventh Circuit Court of Appeals has *exclusive* jurisdiction to review the District Court's Judgment, regardless of the basis for the appeal.[25] The time to file a notice of

---

[19] Doc. Nos. 1 and 14.
[20] Fed. R. Civ. P. 56(a). *One Beacon America Ins. Co. v. Catholic Diocese of Savannah*, 2012 WL 1939104, 3 (11th Cir. 2012) (citing *Brown v. Sec'y of State of Fla.,* 668 F.3d 1271, 1274 (11th Cir. 2012)).
[21] 11 U.S.C. § 727. *In re Chauncey*, 454 F.3d 1292, 1295 (11th Cir. 2006).
[22] 11 U.S.C. § 523(a)(5); *In re Benson*, 441 F. App'x 650, 651 (11th Cir. 2011).
[23] Doc. No. 21.
[24] 28 U.S.C. § 1291; 12929(c).
[25] 28 U.S.C. § 2192(c).

appeal of a district court judgment in the Eleventh Circuit is 30 days.[26] The district court entered its order in favor of plaintiff on November 4, 2009, and defendant received notice of the judgment along with a checklist of the appeals process. Defendant however never appealed the judgment, which specifically found the state divorce court did not consider or resolve the debtor's financial support obligations under the Affidavit of Support.[27] He now is forever barred from questioning the validity of the District Court Judgment, which is now irretrievably final and enforceable.[28]

### The Affidavit of Support is a Non-Dischargeable Domestic Support Obligation under 11 U.S.C. § 523(a)(5).

A domestic support obligation is defined in § 101(14A) as a debt owed to or recoverable by a spouse, former spouse, or child of the debtor, in the nature of alimony, maintenance, or support, whether or not so designated.[29] The debt must have been established on or before the date of the bankruptcy by reason of a separation agreement, divorce decree, property settlement, *order of court record*, or *determination of non-bankruptcy law*.[30]

---

[26] Fed. R. App. Pro. Rule 4(a)(1)(A) (as adopted by the Eleventh Circuit Court of Appeals).
[27] District Court Opinion at 4.
[28] As noted, the district court specifically found the state court never addressed plaintiff's Affidavit of Support. As such, *res judicata* does not bar plaintiff's cause of action because the same cause of action was not involved in the district court case and the state court divorce proceeding. *See Ragsdale v. Rubbermaind,* 193 F.3d 1235, 1238-39 (11th Cir. 1999) (noting that a claim is barred by *res judicata* only if there is a final judgment on the merits, the decision was rendered by a court of competent jurisdiction, the parties are identical in both suits, *and the causes of action are the same*). The Rooker-Feldman Doctrine, which prohibits lower federal courts, including bankruptcy courts, from reviewing final state court judgments, also does not apply for the same reason, that the state court judgment did not address the Affidavit of Support. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-23 (2005). Defendant cites two cases in which the lower court *did* specifically address an affidavit of support, which prevented federal review of the same issue. In *In re Schwartz*, the First Circuit BAP found the bankruptcy court lacked jurisdiction to the extent an affidavit of support was submitted to the divorce court. 409 B.R. 240, 246-49 (B.A.P. 1st Cir. 2008). Similarly, in *In re Davis*, a federal district court was precluded from hearing an affidavit of support claim because the state court, under specific instructions from the Ohio Court of Appeals, specifically ruled on the affidavit of support. *In re Davis,* 499 F.3d 590 (6th Cir. 2007). Neither situation is applicable to this case. Moreover, the Court disagrees with *Schwartz* to the extent it requires a party to include a claim under an affidavit of support in a divorce proceeding or lose its rights to enforce it under *res judicata. Schwartz*, 409 B.R. at 249. Divorce is not listed as an event that terminates a sponsor's obligations under and affidavit of support, which may continue indefinitely and may be claimed long after a divorce proceeding has concluded. *Cheshire*, 2006 WL 1208010, at *5.
[29] 11 U.S.C. § 101(14A).
[30] *Id.* Emphasis added.

Courts determining domestic support obligation look at the substance of the agreement creating the obligation as to whether it constitutes alimony, maintenance, or support, largely disregarding what the agreement is called.[31] A "simple inquiry as to whether the obligation can be legitimately characterized as support, that is, whether it is in the nature of support" is all that is required.[32] A debt is "in the nature of support" if, at the time the debt was created, the parties intended the obligation to function as support.[33] "All evidence, direct or circumstantial, which tends to illuminate the parties subjective intent is relevant."[34] The key in determining whether a debt is a non-dischargeable domestic support obligation under § 523(a)(5) is the intent of the parties.[35]

Clearly the intent of the plaintiff and defendant in signing the Affidavit of Support was to comply with the mandate in 8 U.S.C. § 1182 and to guarantee future support for the plaintiff, an otherwise inadmissible immigrant, at no less than 125 percent of the poverty level until the Affidavit of Support terminated by law.[36] The intent of the government, a party to the Affidavit of Support, was to ensure plaintiff was adequately supported so as not to become a public burden.[37] When plaintiff married defendant and arrived in the United States, she was not employable as a United States citizen, and for years she lacked the ability to earn a wage above

---

[31] *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001) (citing *In re Harrell*, 754 F.2d 902, 904 (11th Cir. 1985)).

[32] *Cummings*, 244 F.3d at 1265.

[33] *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001). Key indicators of a domestic support obligation include the "intent of the parties or the state court in creating the obligation, and the purpose of the obligation in light of the parties' circumstances, particular financial circumstances, at that time." *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 725–26 (10th Cir. 1993).

[34] *Cummings v. Cummings*, 244 F.3d 1263, 1266 (11th Cir. 2001) (citing *In re Brody,* 3 F.3d 35, 38 (2d Cir.1993)).

[35] *Cummings v. Cummings*, 244 F.3d 1263, 1266 (11th Cir. 2001).

[36] Five, and only five, conditions terminate a sponsor's obligation under an Affidavit of Support: 1) the sponsor's death, 2) the sponsored immigrant's death, 3) the sponsored immigrant becoming a U.S. citizen, 4) the sponsored immigrant permanently departing the U.S., or 5) the sponsored immigrant being credited with a total of 40 qualifying quarters of work. *Cheshire*, 2006 WL 1208010, at *4(citing 8 U.S.C. § 1183a(a)(2), (3); 8 C.F.R. § 213a.2(e)). At the time of the district court's ruling, none of these conditions had been satisfied.

[37] *Shumye v. Felleke*, 555 F. Supp. 2d 1020, 1023 (N.D. Cal. 2008) (noting "A Form I-864 is a legally enforceable contract between the sponsor and both the United States Government and the sponsored immigrant.").

the poverty level.[38] Defendant swore he had the ability to support plaintiff in the United States as required by United States immigration law and agreed to provide "whatever support is necessary" to maintain plaintiff at or above 125 percent of the poverty level.[39] The intent of the parties in signing the Affidavit of Support, in this case as reflected in the name of the agreement, clearly was to support plaintiff financially until she was able to support herself and avoid becoming a drain on the public benefit system.

To allow defendant now to discharge this obligation would contravene the purpose of § 523 of subordinating a debtor's fresh start to the more compelling interest of requiring debtors to pay all legitimate domestic support obligations.[40] This seemingly harsh outcome is mitigated by the fact that defendant specifically sought out a foreigner to bring to the United States to marry. In doing so, defendant accepted the responsibilities of the arrangement along with its benefits. The Affidavit of Support is non-dischargeable debt under § 523(a)(5), and plaintiff's Motion for Summary Judgment is granted.

DONE AND ORDERED in Orlando, Florida, on June 19, 2012.

_____
KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Copies provided to:

Richard A. Perry, Esquire, Attorney for Plaintiff, Richard A Perry, Attorney at Law, 820 S.E. Fort King Street, Ocala, FL 34471

David P Johnson, Esquire, Attorney for Defendant, Law Firm of David P. Johnson, LLC, 520 West Lake Mary Boulevard, Suite 103, Orlando, FL 32801

---

[38] District Court Opinion at 4-9.
[39] Affidavit of Support, Doc. No. 1 Exhibit B.
[40] *In re Stewart*, 190 F. App'x. 147, 149 (3d Cir. 2006).